UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY REESE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BARACK OBAMA,<br><br>　　　　　　　　Defendants. | NO: 2:14-CV-00066-RMP<br><br>ORDER DENYING *IN FORMA PAUPERIS* AND DISMISSING ACTION |

　　　　Plaintiff, a prisoner in Kenedy, Texas, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis.* He did not comply with 28 U.S.C. § 1915(a)(2) which requires prisoners who seek to bring a civil action without prepayment of the filing fee to submit a certified copy of their trust fund account statement (or institutional equivalent) for the 6-months immediately preceding the filing of the complaint. Regardless, Plaintiff is not entitled to relief in this Court.

　　　　In his Complaint, Plaintiff states that he wrote to President Obama complaining that he was being denied medical care and was being "raped in the

ORDER DENYING *IN FORMA PAUPERIS* AND DISMISSING ACTION --1

spirit." He alleged further that some disease was spreading in the prison and in the United States. Plaintiff claims this disease, "smells dead like butt . . . with semen coming out."

Plaintiff states he is suing "staff" in case they are responsible for the President's failure to intervene, and he is suing the Secretary because all correspondence must go through this person before it is read by the President. Plaintiff asks for "20 Zillion" in damages. None of the claims asserted in the complaint arose in the Eastern District of the State of Washington and none of the named Defendants resides here. Therefore, this Court lacks jurisdiction to grant Plaintiff relief.

In any event, Plaintiff presents no facts under 42 U.S.C. § 1983 showing that a person acting under color of state law personally participated in a violation of his constitutionally protected rights. *See Leer v. Murphy,* 844 F.2d 628, 632-33 (9th Cir. 1988); *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). The failure of prison officials to respond to or process a particular grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D.Ind.2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials"). Consequently, the failure of the President of

ORDER DENYING *IN FORMA PAUPERIS* AND DISMISSING ACTION --2

the United States, or his staff, to respond to a prisoner's grievances would not state a constitutional violation by a state actor.

The Court finds that it would not be in the interests of justice to transfer this action to a different jurisdiction under 28 U.S.C. § 1631. Therefore, **IT IS ORDERED** that the application to proceed *in forma pauperis* is **DENIED** and this action is **DISMISSED without prejudice** to allow Plaintiff to file it in the appropriate jurisdiction. Plaintiff is using a civil rights complaint form from the Western District of Arkansas and indicates that he is incarcerated in Kenedy, Texas. If Plaintiff believes he is not receiving adequate medical care at the facility where he is incarcerated, he may file a civil rights complaint in the appropriate Federal District Court in Texas.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this  1st  day of April 2014.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge

ORDER DENYING *IN FORMA PAUPERIS* AND DISMISSING ACTION --3